Filed 9/11/20  P. v. Garcia CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058825 |
| v. | (Super. Ct. No. 13HF3631) |
| JIMMY MATUSALEM GARCIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, and Robin Urbanski, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

In 2016, a jury convicted defendant Jimmy Matusalem Garcia of four counts of oral copulation or sexual penetration of a child, and two counts of lewd or lascivious acts upon a child. The trial court imposed a sentence of 15 years to life. We conditionally reversed and remanded the matter for further proceedings unrelated to this appeal. (*People v. Garcia* (May 4, 2018, G054032) [nonpub. opn.].)

In 2020, defendant filed a Penal Code section 1170.95 petition for resentencing claiming he was convicted of murder under the felony-murder rule or under the natural and probable consequences doctrine.[1] The trial court summarily denied the petition: "A review of court records indicates defendant is not eligible for relief under the statute because defendant does not stand convicted of murder . . . ."

Defendant filed a notice of appeal from the trial court's denial of the section 1170.95 petition. Defendant's appointed counsel filed a brief summarizing the case with citations to the record, but counsel raised no arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel and this court notified defendant he could file a brief on his own behalf, but he did not do so.

We later invited the parties to address: "Whether the procedural protections under *Anders* [*v. California* (1967)] 386 U.S. 738 [(*Anders*)], and *Wende*, *supra*, 25 Cal.3d 436, apply to an appeal from a trial court's order denying a defendant's petition under . . . section 1170.95."

We agree with another panel of this court that recently held "when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice." (*People v. Flores* (Sept. 3, 2020, G058486) __Cal.App.5th __ [2020 WL 5246704].)

---

[1] Further undesignated statutory references are to the Penal Code.

Here, we have conducted an independent review of the record and we have found no arguable issues that require briefing or argument.  Thus, the order denying defendant's petition for resentencing under section 1170.95 is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.